IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WARDLAW CLAIMS SERVICE, L.L.C.** § | |
| § | |
| *Plaintiff* § | |
| § | |
| Vs. § | CIVIL ACTION NO. 6:17-cv-188 |
| § | |
| **AMERICAN INTEGRITY INSURANCE** § | |
| **COMPANY OF FLORIDA, INC.** § | |
| *Defendant* § | |

## DEFENDANT AMERICAN INTEGRITY INSURANCE COMPANY OF FLORIDA'S NOTICE OF REMOVAL

Defendant American Integrity Insurance Company of Florida, Inc. ("Defendant" or "American Integrity") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as follows:

**I.
PROCEDURAL BACKGROUND**

1. On April 16, 2017, Wardlaw Claims Service, L.L.C. ("Plaintiff") filed Plaintiff's Petition for Suit on Sworn Account ("Plaintiff's Petition") and initiated an action against American Integrity styled Cause No. 2017-1368-3, *Wardlaw Claims Service, L.L.C. v. American Integrity Insurance Company of Florida, Inc.* in the 74th Judicial District Court of McClennan County, Texas ("the State Court Action").[1]

2. On or about June 13, 2017, American Integrity was served with a copy of the Citation and Plaintiff's Petition, alleging that American Integrity failed to pay Plaintiff for insurance adjusting services.[2]

---
[1] Exhibit C – Plaintiff's Petition for Suit on Sworn Account.
[2] Exhibit D - Citation and Service of Process of American Integrity.

3.     American Integrity filed its Original Answer, General Denial, Verified Denial, and Affirmative Defenses on June 30, 2017.[3]

4.     After receiving Plaintiff's Petition, American Integrity timely filed a Notice of Removal in the State Court Action on July 11, 2017, within the thirty-day guidelines of the removal statute.[4]

## II.
## NATURE OF THE SUIT

5.     Plaintiff's Petition alleges that Plaintiff provided insurance adjusting services to American Integrity, and that American Integrity failed to make payment to Plaintiff.  Plaintiff seeks $1,051,015.88 in alleged damages.

6.     The bases of the legal action are claims in excess of $75,000 for Plaintiff's alleged suit on a sworn account.

## III.
## BASIS FOR REMOVAL

7.     This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant American Integrity pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.     Upon information and belief, Plaintiff is a limited liability company organized under the laws of Texas, with its principal place of business in McLennan County, Texas.

---

[3] Exhibit E – Defendant American Integrity's Original Answer, General Denial, Verified Denial, and Affirmative Defenses.
[4] 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.").

9. American Integrity is a corporation organized under the laws of Florida with its principal place of business located in Florida.

10. Because Plaintiff is a citizen of Texas and American Integrity is a citizen of Florida, complete diversity of citizenship exists among the parties.

11. As indicated in paragraph 5 of Plaintiff's Petition, Plaintiff seeks monetary relief of more than $1,000,000.00.[5] Specifically, as stated in paragraph 8 of Plaintiff's Petition, Plaintiff seeks $1,051.015.88.[6] American Integrity denies both the account and the amount alleged by Plaintiff to be due.[7] However, Plaintiff's demand is sufficient to meet the jurisdictional requirement for removal of this matter to this Court.[8] Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal action is proper.

12. Pursuant to 28 U.S.C. § 1446(a), American Integrity has filed with this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders and docket sheet in the State Court Action, as identified on the Index of Matters Being Filed.[9]

13. Pursuant to 28 U.S.C. § 1446(d), American Integrity has filed a copy of this Notice of Removal with the clerk of court in the State Court Action, and has given notice thereof to all adverse parties.

14. Copies of the following documents are hereby provided to the clerk for filing in connection with the Notice of Removal:

---

[5] Exhibit C – Plaintiff's Petition for Suit on Sworn Account.
[6] *Id.*
[7] Exhibit E – Defendant American Integrity's Original Answer, General Denial, Verified Denial, and Affirmative Defenses.
[8] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[9] Exhibit A – Index of Matters Being Filed.

3

    (1)    An Index of Matters Being Filed (Exhibit "A");
    (2)    Civil Docket Sheet in the State Court Action (Exhibit "B");
    (3)    Plaintiff's Petition for Suit on a Sworn Account (Exhibit "C")
    (4)    Citation and Service of Process of American Integrity (Exhibit "D")
    (5)    American Integrity's Original Answer, General Denial, Verified Denial, and Affirmative Defenses (Exhibit "E")

## IV.
## CONCLUSION AND PRAYER

15. The basis for this removal and this Court's jurisdiction is diversity of citizenship. 28 U.S.C. § 1332. Plaintiff is a citizen of Texas. American Integrity is a citizen of Florida. The amount in controversy, based on the allegations in Plaintiff's Petition and demand, exceeds $75,000, exclusive of interest and costs. As such, this removal action is proper. On these grounds, American Integrity hereby removes the referenced State Court Action to this Court.

16. WHEREFORE, Defendant American Integrity Insurance Company of Florida, Inc. respectfully requests that the above-entitled action be removed from the 74th Judicial District Court of McLennan County, Texas to the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By:    */s/ Christopher W. Martin*
       Christopher W. Martin
       Texas Bar No. 13057620
       Federal I.D. No. 13515
       martin@mdjwlaw.com
       808 Travis Street, 20th Floor
       Houston, Texas 77002
       Telephone: (713) 632-1700
       Facsimile: (713) 222-0101

**ATTORNEY FOR DEFENDANT, AMERICAN INTEGRITY INSURANCE COMPANY OF FLORIDA, INC.**

OF COUNSEL:

Leslie T. Tan
Texas Bar No. 24046998
Federal I.D. No. 635202
tan@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile:  (713) 222-0101

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant American Integrity Insurance Company of Florida, Inc.'s Notice of Removal has been forwarded *via* facsimile, certified mail, r.r.r. and/or ECF filing, on this 11th day of July, 2017 to:

| | |
|---|---|
| David M. Mathews<br>Philip E. McCleery<br>510 N. Valley Mills Dr., Suite 500<br>Waco, Texas 76710 | *Via ECF Filing and Certified Mail, R.R.R.*<br>7011 1570 0002 7593 7922 |

/s/ Leslie T. Tan<br>
Leslie T. Tan